IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LASHUNDA LOUVENIA DOTSON,

                Plaintiff,

v.                                                  ORDER

KATHY TOON HUSER and OAKBROOK            21-cv-704-jdp
CORPORATION,

                Defendants.

---

Before the court is defendants' motion to compel. Dkt. 35. The court is granting this motion in most respects, for the reasons stated below.

## BACKGROUND

The court allowed pro se plaintiff Lashunda Louvenia Dotson to proceed against defendants based on the allegation that defendant Kathy Toon Huser discriminated against her based on race and disability when Huser refused to renew Dotson's lease. Dkt. 7 at 3. Dotson sought damages and injunctive relief. *Id.* at 2.

Defendants filed a motion to compel discovery, contending that Dotson failed to respond to, or provided deficient responses to, their First Set of Requests for Admission ("Admission Requests"), certain Interrogatories, and certain Requests for Production of Documents ("Document Requests"). Dkt. 35. Defendants then filed a motion for summary judgment, contending that the court lacks jurisdiction under the *Rooker-Feldman* doctrine. Dkt. 39.

Dotson filed a response to some of defendants' discovery requests. Dkt. 46. Dotson also filed a letter that supposedly pertains to the motion to compel but appears to relate only to the

motion for summary judgment. *See* Dkt. 47. Dotson submitted discovery documents to support the response and letter but failed to label them in a way that would allow defendants or the court to tell which document is responsive to which Document Request(s). Dotson did not otherwise address defendants' motion to compel; specifically, she failed to address their contentions that: (1) her discovery responses are untimely; (2) defendants attempted to meet and confer with her in good faith before filing the motion to compel; and (3) the discovery requests are appropriate.

ANALYSIS

**A. Admission Requests**

"Rule 36(a) of the Federal Rules of Civil Procedure clearly provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted." *United States v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir. 1987). Where, as here, a party is served with requests for admission by mail, three days are added to this 30-day period. Fed. R. Civ. P. 6(d).

Dotson belatedly filed answers to Admission Request Nos. 1–5, but that does not warrant declining to treat these matters as admitted. *See* Dkt. 46 at 2–3; *see also Hardwick v. John & Mary E. Kirby Hosp.*, No. 10-cv-2149, 2011 WL 4433764, at *2 (C.D. Ill. Sept. 22, 2011) ("Rule 36(a) is self-executing, meaning that no court intervention is necessary for an admission to be established, and failure to timely respond results in the admission of the matters raised in a request for admissions."). The court will deem the matters in Admission Request Nos. 1–9 admitted.

**B. Interrogatories**

Defendants served 12 Interrogatories on Dotson but have withdrawn Interrogatory No. 6. Defendants contend that Dotson's responses to Interrogatory Nos. 2–5 and 7–11 are deficient.

Interrogatories 2–3 ask Dotson to identify all witnesses with knowledge about her allegations in this lawsuit and her written discovery responses. Dkt. 37-1 at 4. Doton's answers to these interrogatories are nonresponsive. Dkt. 46 at 5–6. The court will order Dotson to provide direct responses to Interrogatory Nos. 2–3.

Interrogatory Nos. 4–5 and 7–8 ask Dotson to identify the factual bases for her claim that Huser discriminated against her based on race and disability. Dkt. 37-1 at 4–5. Defendants contend that Dotson's answers are nonresponsive. The court agrees that these responses contain much irrelevant information. But Dotson states that Huser refused to renew her lease based on a false allegation that Huser's signature was forged and a "bidding game." Generously construing her responses, Dotson also states that Huser knew that she is black and disabled because Huser reviewed documentation with that information when Dotson initially signed the lease. Dotson adds that her mother and sons witnessed the alleged discrimination. These responses are conclusory, but they are what they are: the factual basis for Dotson's claims. Defendants have not shown that these responses have stopped them from deposing Dotson or otherwise defending themselves in this action. The court will not order Dotson to supplement her responses to Interrogatory Nos. 4–5 and 7–8.

Interrogatory No. 9 asks Dotson to identify with specificity all the disabilities that caused Huser not to renew her lease. Dkt. 37-1 at 5. Dotson responded that she has a "learning impairment." This response is deficient because it lacks specificity. The court will order Dotson

3

to specify what learning impairment or disability, if any, she has been diagnosed with by a medical or mental health professional. If Dotson has no such diagnosis, then she must provide the factual basis for her contention that she has a learning impairment or disability.

Interrogatory No. 10 asks Dotson to identify the medical providers from the last ten years that have treated her for her alleged learning disability. Dkt. 37-1 at 5. Dotson did not respond to this Interrogatory, contending that her disability is irrelevant because the case is about an "illegal displacement." Dkt. 46 at 11. Dotson is incorrect: her claims are based on her allegation that Huser discriminated against her based on race and disability when Huser refused to renew Dotson's lease. The court will order Dotson to respond to this Interrogatory.

Interrogatory No. 11 asks Dotson to itemize all injuries and damages she claims to have suffered based on the allegations in her amended complaint. Dkt. 37-1 at 5. Dotson's response is deficient because, although she identifies broad categories of damages, she "fails to provide an itemization of damages that includes specific dollar amounts for each category of damages." Dkt. 49 at 5. The court will order Dotson to supplement her response to this Interrogatory.

C.  **Document Requests**

Dotson belatedly provided defendants with documents in response to their Document Requests. But Dotson did not label the documents (for instance, "Document(s) in Response to Document Request No. 3") and she did not provide any other information that defendants could use to discern which documents correspond to which of their requests. Dkt. 46-1; Dkt. 47-1; *see* Fed. R. Civ. P. 34(b)(2)(E)(i) (as relevant here, a party must "organize and label [the produced documents] to correspond to the categories in the request"). Dotson's document

production also is deficient because she indicates that she made no effort to respond to Document Request Nos. 7–13 and 16. Dkt. 46 at 12.[1]

Dotson must not file her supplement discovery responses and documents with the court; she must send them to attorney Stippel at her address of record. The court cautions Dotson that, if she fails to comply with this order, the court might dismiss her case.

Finally, defendants contend that Dotson has failed to sign the authorization for release of medical records that they sent her. As is its practice, this court will not *order* Dotson to disclose her confidential medical information if she chooses not to, but her refusal will have adverse consequences. This information is highly relevant to her claims, so that her failure to provide it to defendants would prevent them from adequately defending this case, which in turn could lead this court to grant a defense motion to dismiss. So, Dotson's choices are to sign the release or face dismissal.

ORDER

IT IS ORDERED that:

(1) The matters in Admission Request Nos. 1–9 are deemed admitted.

(2) **Not later than September 22, 2023**, Dotson must provide defendants with supplemental discovery responses and documents that cure the deficiencies identified above. Specifically, Dotson must:

(a) Provide direct responses to Interrogatories Nos. 2–3.

---

[1] Defendants have withdrawn Document Request Nos. 14 and 15.

(b) Specify what leaning impairment or disability, if any, she has been diagnosed with by a medical or mental health professional. If Dotson has no such diagnosis, she must provide a factual basis for her contention that she has a learning impairment or disability.

[c] Respond to Interrogatory No. 10.

(d) Supplement her response to Interrogatory No. 11 by providing an itemization of damages that includes specific dollar amounts for each category of damages.

[e] Provide documents in response to Document Request Nos. 3–5, 7–13, and 16 that are labeled in a way that allows defendants to determine which document or set of documents correspond to which Document Request.

(f) Either provide a signed copy of the authorization for release of medical records or face a dismissal motion from defendants.[2]

(3) The Clerk of Court is directed to send plaintiff a copy of this order.

Entered September 7, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge

---

[2] Defendants should promptly re-send Dotson a copy of the authorization form.