IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LASHUNDA LOUVENIA DOTSON,

                Plaintiff,

v.                                                     OPINION and ORDER

KATHY TOON HUSER and OAKBROOK         21-cv-704-jdp
CORPORATION,

                Defendants.

---

I allowed pro se plaintiff Lashunda Louvenia Dotson to proceed on a discrimination claim under the Fair Housing Act (FHA) based on the allegation that defendant Kathy Toon Huser refused to renew her lease because she is black and disabled.

Defendants move for summary judgment, contending that I lack jurisdiction under the *Rooker-Feldman* doctrine and that issue preclusion bars Dotson's claim. Dkt. 39. Dotson responded with a letter and her own motion for summary judgment. *See* Dkt. 47 and Dkt. 48. I will grant defendants' motion because a state court determination in a related eviction action precludes Dotson's federal claim, and I will deny Dotson's motion.

BACKGROUND

Dotson didn't respond to defendants' proposed findings of fact in accordance with the court's summary judgment procedures. *See* Dkt. 40; Dkt. 47; Dkt. 48. So I will accept those proposed findings of fact as undisputed. *See Allen-Noll v. Madison Area Tech. Coll.*, 969 F.3d 343, 348–49 (7th Cir. 2020) (district court may accept the movant's proposed findings of fact as undisputed if the nonmovant fails to comply with its summary judgment procedures). Defendants' evidence amply supports their proposed findings of fact, and even considering

Dotson's evidence, the material facts are not genuinely disputed. *See* Dkt. 42; Dkt. 43; Dkt. 44; Dkt. 46-1; Dkt. 47-1.

Dotson lived at the Vandenberg Heights apartment complex with her mother (Louvenia Harris) and children. Huser, a manager at the complex, sent Harris a letter on July 20, 2021, stating that Dotson and Harris's lease would expire on October 31, 2021, and inviting them to renew the lease for the November 1, 2021, to October 31, 2022, term. Dkt. 43 ¶ 4. Because Dotson and Harris failed to return a signed copy of the lease to her, Huser sent them a letter on October 21, 2021, stating that their lease would not be renewed. *Id.* ¶¶ 5–6.

In February 2022, Heartland Affordable Housing-Sun Prairie, LLC (Heartland), which owns Vandenburg Heights, filed an eviction action against Dotson and Harris in Dane County Circuit Court. *Id.* ¶ 8; Dkt. 42 ¶ 4; Dkt. 25-1; 22SC902.[1] On March 25, 2022, a bench trial was held at which Dotson and Harris were present. Dkt. 25-4 at 1, 4. Dotson and Harris contended that they had a valid lease for the November 1, 2021, to October 31, 2022, term because Harris, Dotson, and Huser all signed a lease for that term. *See* Dkt. 25-4 at 5–6, 21–23; Dkt. 44-9 at 6. The circuit court determined that Harris's testimony was incredible and that Huser had not signed the purported lease. *See* Dkt. 25-4 at 25–26. The circuit court issued an eviction judgment but stayed it until April 16, 2022, to give Dotson and Harris time to move out. Dkt. 40 ¶ 33. At the request of Heartland's attorney, the circuit court vacated the eviction judgment after Dotson and Harris moved out on April 4, 2022. Dkt. 40 ¶ 41; Dkt. 43 ¶ 9; Dkt. 44-13 at 2.

---

[1] Defendant Oakbrook manages Vandenburg Heights for Heartland. Dkt. 42 ¶ 5.

Meanwhile, in January 2022, Dotson and Harris filed separate small claims complaints in the Dane County Circuit Court against Oakbrook. Dkt. 44-1; Dkt. 44-2; 22SC236; 22SC237. A month later, Dotson and Harris filed nearly identical amended complaints alleging, among other causes of action, breach of lease and discrimination based on race and disability. Dkt. 44-4; Dkt. 44-5. The circuit court held a hearing and granted Oakbrook's motion to dismiss both actions. *See* Dkt. 44-6 at 2–3; Dkt. 44-7 at 2–3. Dotson didn't appeal and the state court of appeals took no action on Harris's appeal. *See* Dkt. 44-6 at 2; Dkt. 44-7 at 2.

## ANALYSIS

### A. Jurisdiction

*Rooker-Feldman* "imposes a jurisdictional bar that prohibits federal courts other than the Supreme Court of the United States from reviewing final state court judgments." *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023). "*Rooker-Feldman* applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered *before the district court proceedings commenced* and inviting district court review and rejection of those judgments.'" *Id.* (emphasis added) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Defendants contend that the judgments in the eviction and small claims actions deprive me of jurisdiction in this case. But Dotson filed her federal action in November 2021, before those state actions had even begun. "[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains [under consideration] in a federal court." *See Exxon*

3

*Mobil*, 544 U.S. at 292. Defendants have not shown that *Rooker-Feldman* deprives me of jurisdiction in this case.

## B. Issue preclusion

Defendants contend that the eviction action bars Dotson's FHA discrimination claim because she can prevail on it only by showing that "she had a valid lease and [d]efendants were not justified in evicting her from the [apartment]," and the circuit court "decided both of these issues against" her. Dkt. 41 at 14. Defendants further contend that, to prevail on her FHA discrimination claim, Dotson must show that Huser intentionally discriminated against her on the basis of race and disability when she refused to renew the lease and sought eviction. *See id.* at 15. Dotson cannot show this, defendants add, because the circuit court determined that they had a nondiscriminatory reason for refusing to renew her lease and evicting her: she didn't have a valid lease. *See id.* at 15–16.[2]

Federal courts must give a state court judgment the same preclusive effect that it would receive under state law. *Wilhelm v. Cnty. of Milwaukee*, 325 F.3d 843, 846 (7th Cir. 2003). So I will apply the Wisconsin law of issue preclusion to determine whether the eviction action bars Dotson's federal claim. *See id.*; *Jensen v. Foley*, 295 F.3d 745, 748 (7th Cir. 2002).

Issue preclusion bars relitigation of factual and legal issues that have been decided in previous actions. *See First Weber Grp., Inc. v. Horsfall*, 738 F.3d 767, 772–73 (7th Cir. 2013); *Michelle T. by Sumpter v. Crozier*, 173 Wis. 2d 681, 687 (1993). Whether issue preclusion applies depends on two criteria. First, "the question of fact or law that is sought to be precluded actually must have been litigated in a previous action and have been necessary to the

---

[2] Defendants don't base their issue preclusion argument on any determination in Dotson's small claims action.

4

judgment." *Horsfall*, 738 F.3d at 773. Second, courts must "determine whether it is fundamentally fair to employ issue preclusion given the circumstances of the particular case at hand." *Id.* Relevant factors for the "fundamental fairness" inquiry include the availability of review of the first judgment, differences in the quality or extensiveness of the proceedings, shifts in the burden of persuasion, and the adequacy of the loser's incentive to obtain a full and fair adjudication of the issue. *Id.*; *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶ 17.

The circuit court determined that Dotson didn't have a valid lease and that she could be evicted for that reason. The circuit court vacated its eviction judgment, but that's immaterial because Heartland received all the relief it sought. *Cf. Horsfall*, 738 F.3d at 773 ("The fundamental fairness step eschews formalistic requirements in favor of a looser, equities-based interpretation of the doctrine."). The fact that Dotson brought this action before Heartland received that relief doesn't stop me from applying issue preclusion. *Cf. Exxon Mobil*, 544 U.S. at 293 ("Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law. . . . In parallel litigation, a federal court may be bound to recognize the . . . issue-preclusive effects of a state-court judgment . . . ."); *Special Souvenirs, Inc. v. Town of Wayne*, 56 F. Supp. 2d 1062, 1082 (E.D. Wis. 1999) ("The simultaneous state and federal proceedings between these parties represent the . . . situation when litigation may have reached a stage at which issue preclusion is appropriate . . . .").

Dotson bases her FHA discrimination claim on a theory of disparate treatment. To prevail on this claim, Dotson must "establish that [Huser] had a discriminatory intent or motive" in refusing to renew her lease. *See Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 524 (2015). But the circuit court determined that Dotson didn't have a valid lease, which is a nondiscriminatory reason for evicting her. Dotson

hasn't disputed that this reason is nondiscriminatory or contended that Huser had both discriminatory and nondiscriminatory reasons for refusing to renew her lease. *See* Dkt. 47 and Dkt. 48. Dotson simply repeats that the parties signed the lease and contends that the circuit court proceedings were unfair because: (1) Huser fabricated testimony and hid evidence; (2) the circuit court examined only Harris; and (3) Dotson and Harris were responsible tenants. These conclusory allegations are insufficient to overcome summary judgment. *See Gabrielle M. v. Park Forest-Chi. Heights, Ill. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege *specific* facts creating a genuine issue for trial and may not rely on vague, conclusory allegations." (emphasis in original)). In any case, the circuit court necessarily found Huser's testimony credible because it disbelieved Harris's contrary testimony. Dotson didn't testify, but she was a codefendant in the eviction action and attended the hearing, and she makes the same basic contentions in response to defendants' motion for summary judgment that Harris made during her testimony. Dotson's conclusory contentions don't suggest that giving the circuit court's determination preclusive effect would be unfair. *See also* Dkt. 41 at 17–20 (discussing the fundamental fairness factors).

To sum up, the material facts aren't in dispute and defendants have shown that the circuit court's determination bars Dotson's FHA discrimination claim. I will grant defendants' motion for summary judgment and deny Harris's.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 39, is GRANTED, and plaintiff's motion for summary judgment, Dkt. 48, is DENIED.

2. The clerk of court is directed to enter judgment and to send Dotson copies of this order and the judgment.

Entered September 27, 2023.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge